Rollinsford Municipal Court,
No. 5153.

STATE *v.* HENRY SUKOFF.

Argued June 25, 1963.
Decided July 9, 1963.

*William Maynard*, Attorney General, *Irma A. Matthews*, Law Assistant and *Robert A. Carignan*, county attorney (*Mrs. Matthews* orally), for the State.

*Alfred Catalfo, Jr.* (by brief and orally), for the defendant.

KENISON, C.J.   The issue in this case is whether an ordinance adopted by the selectmen of the town of Rollinsford is a valid defense to a prosecution for selling merchandise on Sunday.   The defendant contends that it is a valid defense while the State maintains that the ordinance has no present force or effect and cannot become effective until it is approved by a majority vote of the legal voters present and voting at the next regular election of the town.

RSA 578:4 prohibiting the sale of merchandise on Sunday with certain exceptions is given some flexibility by RSA 578:5.   This latter statute provides that selectmen may adopt ordinances

permitting and regulating retail business " . . . on the Lord's Day, provided such . . . ordinances are approved by a majority vote of the legal voters present and voting at the next regular election . . . ." The defendant urges that RSA 578:5 should be construed to hold that the ordinance adopted by the selectmen "becomes valid and remains valid until such time as the town voters meet at their regular meeting." The answer to that contention was made at the beginning of the legislative session in January 1961 in *Mason* v. *Salem*, 103 N. H. 166, 168: "When the Legislature has desired that regulations by selectmen shall be immediately effective until approved or rescinded by the voters, they have usually made explicit provision therefor. See RSA 31:41, 42 regulating open-air motion picture theaters." It is significant that no changes in the Sunday laws to give selectmen interim powers to make regulations and ordinances effective immediately have been made in either the 1961 or the 1963 legislative sessions. See Senate Bill 97 (1963) referred to the Legislative Council. House Journal June 27, 1963, *p.* 44. The ordinance adopted by the selectmen is no defense to the pending criminal complaint.

The defendant's exception to the certification of a question of law to this court by the Rollinsford municipal court is overruled. It was decided in *State* v. *Deane*, 101 N. H. 127, 130 that certification and transfer under RSA 502:24 "is discretionary with the municipal court" and this was specifically reaffirmed in *Riendeau* v. *Milford Municipal Court*, 104 N. H. 33, 34. The further contention "that the Rollinsford Municipal Court is not a court of record" is without merit. RSA 502:27.

*Remanded.*

All concurred.